IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAINTERS LOCAL 802 PENSION FUND, *et al.*,

          Plaintiffs,

    v.

STATZ PAINTING and DECORATING, INC.
and LARRY G. STATZ,

          Defendants.

ORDER

15-cv-176-jdp

---

Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund, Painters Local 802 Apprenticeship Fund, Painters Local Union No. 802 and Jeff Mehrhoff have brought this action against defendants Statz Painting and Decorating, Inc. and Larry G. Statz under the Employment Retirement Income Security Act of 1974 and section 301(a) of the Labor Management Relations Act of 1947 for unpaid contributions and working dues. On April 21, 2015, defendants Statz Painting and Decorating, Inc. and Larry Statz filed answers signed by Larry Statz, who does not appear to be a licensed attorney.

Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." It is well established that a corporation may appear in the federal courts only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). This rationale "applies equally to all artificial entities," *Rowland*, 506 U.S. at 202, including limited liability companies or partnerships. *E.g.*, *United States v. Hagerman*, No. 08-2670, slip op. at 4-5 (7th Cir. Sept. 26, 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002). Thus defendant Statz Painting and Decorating, Inc. 's answer has not been properly filed because it is not signed by an attorney.

*Kipp*, 209 F. Supp. 2d 962, involved a situation similar to this one. After the defendant limited liability company filed an answer that was signed by an individual who was not an attorney, the court treated the answer as unsigned, gave the defendant a chance to file another answer signed by counsel and warned the defendant that failure to comply with its order would result in entry of default. *Id.* at 963. This is the appropriate course of action in this case. Therefore, I will give defendant Statz Painting and Decorating, Inc. until June 29, 2015 to retain counsel and file a new answer. If, by then, defendant Statz Painting and Decorating, Inc. does not file an answer signed by counsel, default may be entered against it pursuant to Fed. R. Civ. P. 55(a).

In order to allow defendant Statz Painting and Decorating, Inc. time to file its answer, the preliminary pretrial conference scheduled for June 16, 2015 is **canceled**. The court will reschedule the hearing after this issue is resolved.

ORDER

IT IS ORDERED that defendant Statz Painting and Decorating, Inc. may have until June 29, 2015, in which to file an answer that complies with Fed. R. Civ. P. 11(a). If defendant Statz Painting and Decorating, Inc. fails to file a proper answer by June 29, 2015, the court may, on its own motion or a motion from plaintiff, order the clerk of court to enter default against this defendant.

Entered this 8th day of June, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge